IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10312
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP AUSTIN HATFIELD,
also known as Phil Austin Hatfield,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:95-CR-6-1-C
- - - - - - - - - -
December 10, 1998

Before DAVIS, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Phillip Austin Hatfield appeals from his sentence following his guilty-plea conviction for possession with intent to distribute methamphetamine. Hatfield argues that the district court clearly erred in applying U.S.S.G. § 2D1.1(b)(1) for possession of a firearm. Section 2D1.1(b)(1) provides for a two-point upward adjustment in base offense level in sentencing for a drug offense if a dangerous weapon was possessed. "The

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment should be applied if the weapon was present, unless it

is clearly improbable that the weapon was connected with the offense." § 2D1.1, comment. (n.3). The determination that a defendant possessed a firearm pursuant to § 2D1.1(b)(1) is a factual finding, which is reviewed for clear error. United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995).

Hatfield does not argue that there was no temporal or spatial relationship connecting the weapon to the drug trafficking, rather he asserts that it was completely improbable that the weapon was, in any way, related to the drug trafficking. Hatfield argues that he did not own the weapon, that he did not discover its presence in the vehicle until after he began the journey to transport the methamphetamine, that the weapon was not loaded, and that there was no ammunition for the weapon in his vehicle. In United States v. Mitchell, 31 F.3d 271, 277-78 (5th Cir. 1994), we held that it was not ownership or operability that was dispositive for purposes of the enhancement, but only accessibility. The district court did not clearly err in applying § 2D1.1(b)(1) in the instant case. See id.

AFFIRMED.